IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2189-FL

| | | |
|---|---|---|
| MATTHEW DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TRACY W. JOHNS, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a federal inmate, filed this habeas petition pursuant to 28 U.S.C. § 2241. The matter is before the court on respondent's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (DE # 9). Also before the court is petitioner's renewed motion for judgment (DE # 12), which this court construes as a response to respondent's motion to dismiss. These matters are ripe for adjudication. For the following reasons, the court grants respondent's motion and denies petitioner's.

## STATEMENT OF THE CASE

On January 22, 1996, petitioner pleaded guilty to (1) conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 812, 841(c)(1), 846; (2) possession with intent to distribute crack cocaine within one thousand feet of an elementary school, in violation of 21 U.S.C. §§ 812, 841(a)(1), 860; and (3) carrying and use of a firearm in connection with a drug trafficking offense, in violation of 21 U.S.C. § 924(c). See United States v. Davis, 162 F.3d 1156, 1998 WL 558754 (4th Cir. Aug. 28, 1998) (unpublished table decision). On November 13, 1997, petitioner

was sentenced to a term of four hundred eighty (480) months imprisonment. Petitioner then filed a notice of appeal. On August 28, 1998, the Fourth Circuit Court of Appeals affirmed petitioner's conviction and sentence. Id. at *1.

On September 28, 1999, petitioner filed his first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 before the sentencing court, which motion was denied on May 9, 2002. See United States v. Davis, No. 6:95-CR-284-JAB-2 (M.D.N.C. May 9, 2002). Petitioner filed an appeal, which the Fourth Circuit dismissed on February 3, 2003. See United States v. Davis, 55 F. App'x 192 (4th Cir. 2003). On July 26, 2004, petitioner filed his second § 2255 petition before the sentencing court, which was dismissed on September 7, 2004. United States v. Davis, No. 6:95-CR-284-JAB-2 (M.D.N.C. Sept. 7, 2004).

On August 23, 2010, petitioner filed this action pursuant to 28 U.S.C. § 2241. In his petition, petitioner alleges that he is actually innocent of the charges to which he pleaded guilty. Respondent filed a motion to dismiss, arguing that petitioner's claim should have been brought pursuant to 28 U.S.C. § 2255, rather than § 2241. Petitioner thereafter filed a renewed motion for judgment, which this court construes as a response to respondent's motion to dismiss.

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp.

2

v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the petitioner," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

B.  Analysis

1.  Habeas Claim

Although petitioner filed this claim under 28 U.S.C. § 2241, he is in fact attacking the legality of, rather than the execution of, his sentence. The legality of one's conviction and sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). As the Fourth Circuit has stated:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Petitioner is not able to satisfy any of the elements of the Jones test. He does not argue that subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is deemed not to be criminal. Accordingly, he must proceed pursuant to § 2255 rather than § 2241. However, the court cannot convert this § 2241 petition into

3

a § 2255 petition because, as stated, petitioner previously has filed such a habeas action.* Petitioner argues that he should be able to proceed with this claim because he is actually innocent of his conspiracy conviction. See, e.g., Bousley v. United States, 523 U.S. 614, 623 (1998). But to present a credible actual innocence claim, a petitioner must allege that there is new evidence that was not presented at trial. See Schlup v. Delo, 513 U.S. 298, 324 (1995). Here, petitioner's actual innocence claim if premised on facts within petitioner's knowledge at the time of his conviction and at the time he filed his appeal and prior § 2255 petitions.

Petitioner also raises actual innocence claims in connection with his sentencing enhancements. However, the reach of the savings clause has not been extended to prisoners who challenge only their sentences. See United States v. Poole, 531 F.3d 263, 267, n.7 (4th Cir. 2008) ("[T]he savings clause only preserves claims in which a petitioner claims actual innocence of his conviction, not just 'innocence' of a sentencing factor."). Thus, the court finds that petitioner's actual innocence claims based upon his sentencing enchantments do not satisfy § 2255's savings clause. Accordingly, he may not proceed with this action.

2.   Conditions of Confinement Claim

In his earlier motion for a preliminary injunction, filed November 8, 2010, petitioner requested that he be released because the Bureau of Prisons is not properly treating his Hepatitis C. Petitioner again references it in his response to respondent's motion to dismiss. In an abundance of caution, the court addresses this apparent Eighth Amendment claim, although was not formally raised in petitioner's complaint.

---

* The court would not have jurisdiction to hear petitioner's claim pursuant to § 2255 in any event, because petitioner was sentenced in the Middle District of North Carolina and must bring any § 2255 action there.

With his Eighth Amendment allegations, petitioner is not challenging the execution of his sentence, but instead is challenging the conditions of his confinement. Although a writ of habeas corpus is the exclusive remedy for inmates seeking release from confinement, see Preiser v. Rodriguez, 411 U.S. 475, 500 (1973), an inmate challenging his conditions of confinement, whether the inmate seeks monetary or injunctive relief, may bring his claim pursuant to either 42 U.S.C. § 1983 (if a state prisoner) or Bivens (if a federal prisoner). See, e.g., Nelson v. Campbell, 541 U.S. 637, 643 (2004); Muhammad v. Close, 540 U.S. 749, 750-51 (2004) (per curiam). Because petitioner's action would not necessarily vitiate the legality of his confinement, he may bring such a claim. See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). However, release from confinement is not a remedy available for an Eighth Amendment deliberate-indifference claim. See, e.g., Glaus v. Anderson, 408 F.3d 382, 387 (7th Cir. 2005); Macon v. Cox, No. Civ.A. 6:04-131HFFBH, 2005 WL 4572216, at *6 (D.S.C. June 13, 2005), aff'd, 172 F. App'x. 555 (4th Cir. 2006). Rather, the proper remedy for an Eighth Amendment deliberate-indifference claim would be an order directing the proper medical treatment or monetary damages. See, e.g., Glaus, 408 F.3d at 387.

The court now addresses whether it should convert petitioner's section 2241 petition into a Bivens action. Although *pro se* litigants are held to less stringent pleading standards than attorneys, they bear some responsibility for identifying their claims. See Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004). Additionally, the court finds it inappropriate to convert petitioner's section 2241 into a Bivens action, because a § 2241 action solely is against the warden, whereas there likely would be additional parties in a Bivens action. See Glaus, 408 F.3d at 389. The court further finds conversion inappropriate because the requirements under the Prison Litigation Reform Act apply to Bivens actions, but do not apply to actions pursuant to § 2241. Id. Finally, the court finds that

5

conversion is not in the interest of justice because petitioner did not formally amend his petition to include this claim as part of this action. For these reasons, the court finds that recharacterization of petitioner's section 2241 petition into a Bivens action is not warranted.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE # 9) is GRANTED, petitioner's renewed motion for judgment (DE # 12) is DENIED, and this action is DISMISSED without prejudice. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this 7 day of July, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

6